# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR,<br><br>    Plaintiff,<br><br>v.<br><br>MONAE, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00756-LJO-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 11)**<br><br>**14-DAY DEADLINE** |

**I. Background**

Plaintiff, Brandon Alexander Favor, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 12, 2017, the Magistrate Judge filed Findings and Recommendations (F&R) to deny Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This was served on Plaintiff that same day and contained notice that any objections to it were to be filed within thirty days. (*Id.*) Plaintiff filed objections which were largely nonsensical. (Doc. 9.) An order issued adopting the F&R in full on July 13, 2017 ("the Order Adopting"). (Doc. 10.)

On July 26, 2017, Plaintiff filed a motion which, like his objections to the F&R is largely nonsensical. (Doc. 11.) Plaintiff's motion is construed as a motion for reconsideration of the Order Adopting which denied his request to proceed *in forma pauperis*.

///

1

## II. Reconsideration Standards

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

As correctly stated in the F&R, 28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's application to proceed *in forma pauperis* was properly denied since Plaintiff had three actions which were dismissed as frivolous, malicious, or for failure to state a claim prior to Plaintiff's filing of this action and the complaint does not meet the imminent danger exception as none of his allegations show that he was under an imminent danger at the time he filed this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff fails to show newly discovered evidence, clear error, or an intervening change in the controlling law for reconsideration to be granted on this issue. *Marlyn Nutraceuticals*, 571 F.3d at 880.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation, which issued on June 12, 2017 (Doc. 7) and Order Adopting which issued on July 13, 2017 (Doc. 10), which denied Plaintiff's motion to proceed *in forma pauperis* and required him to pay the filing fee in full, are supported by the record and proper analysis.

### III. Order

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for reconsideration, filed on July 26, 2017 (Doc. 11), is **DENIED**;
2. Plaintiff is required to pay the full $400.00 filing fee for this action **within 14 days** of the date of service of this order; and
3. **Plaintiff's failure to comply with this order shall result in the dismissal of this action without prejudice**.

IT IS SO ORDERED.

   Dated: __**August 1, 2017**__            _____/s/ Lawrence J. O'Neill_____
                                                             UNITED STATES CHIEF DISTRICT JUDGE